UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. KING,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AARON ASHLEY, et al,<br><br>　　　　　　Defendants. | No. 2:14-cv-1306 KJN P<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding without counsel, filed a civil rights action pursuant to 42 U.S.C. § 1983, together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. However, plaintiff did not file his application for leave to proceed in forma pauperis on the form used by this district. Accordingly, plaintiff's application will be dismissed and plaintiff is provided the opportunity to submit the application on the appropriate form.[1]

　　　　Moreover, plaintiff is cautioned that his complaint is subject to dismissal for failure to state a cognizable civil rights claim. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988).

---

[1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the $350.00 filing fee but will be allowed to pay it in installments.

Here, plaintiff claims that he was a victim of an assault by two security guards who worked for Cal Force Security at Valley Mack Plaza, and names the security guards, as well as Cal Force Security Company and Valley Mack Plaza as defendants. However, a private individual does not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975). There is no right to be free from the infliction of constitutional deprivations by private individuals. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996). In other words, the defendants who allegedly assaulted plaintiff were private security guards who were not acting under color of state law. See Stanley v. Goodwin, 475 F. Supp. 2d 1026 (D. Hawaii Aug. 8, 2006) (security guard was not a state actor for purposes of § 1983).

Therefore, plaintiff's claims are subject to dismissal for failure to state a cognizable civil rights claim. Because plaintiff has not yet filed the appropriate application to proceed in forma pauperis, the court grants plaintiff an opportunity to voluntarily dismiss his action rather than incur the $350.00 filing fee in an action subject to dismissal for failure to state a cognizable civil rights claim.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis is dismissed without prejudice;

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner; and

3. Plaintiff shall submit, within thirty days from the date of this order, either a:

    a. Completed application to proceed in forma pauperis; or

    b. Request to voluntarily dismiss this action.

Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

Dated: June 10, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

king1306.3d