UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. KING,<br><br>            Plaintiff,<br><br>    v.<br><br>AARON ASHLEY, et al.,<br><br>            Defendants. | No. 2:14-cv-1306 KJN P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding without counsel, filed a civil rights action pursuant to 42 U.S.C. § 1983. On July 18, 2014, plaintiff filed a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

By order filed June 11, 2014, plaintiff was cautioned that his civil rights complaint failed to state a cognizable civil rights claim because it did not appear that the individuals named as defendants acted under color of state law. While this order was being processed, plaintiff filed a motion that was entered on the court's electronic docket on June 10, 2014. In his motion, plaintiff asks the court to disregard or discard his original complaint, and to file three separate complaints in its place.

However, plaintiff's three proposed complaints raise allegations stemming from an incident that occurred on May 30, 2013. Plaintiff claims he had not committed any crime, was not loitering, and was not a threat to anyone. Specifically, in his first proposed complaint, plaintiff alleges that defendants Christopher Peterson and Aaron Ashley were employed as security guards with Cal Force Security on May 30, 2013. Plaintiff claims that he first noticed these defendants at the A.M./P.M. Mini Market on the corner of Mack Road and Alta Valley, when they told him to leave the market. Plaintiff left the market, and went in to Food Source at 6366 Mack Road for a bite to eat. As plaintiff exited Food Source, he noticed defendant Peterson driving slowly while defendant Ashley was bending down walking to the side of the vehicle. When they saw plaintiff, defendant Peterson quickly exited his car, and both defendants began to run towards plaintiff. Defendant Ashley pulled his baton out and tried to hit plaintiff; plaintiff used his bike to shield the blows. When he saw defendant Peterson running after him, plaintiff threw his bike down and started running. When plaintiff reached the McDonalds in the Valley Mack parking lot, defendant Peterson fired his Taser, hitting plaintiff in the back. In fear for his life, plaintiff ran across the street to the Hawaiian Barbecue where two police officers responded to plaintiff's distressed state, and placed him in their patrol car to protect him from the security guards. The police officers told the security guards to come across the street. A police report was taken and plaintiff was released.[1] Plaintiff sought medical care, and claims he sustained injuries to his lower back, shoulder, and right leg, and his blood pressure was dangerously elevated.

Plaintiff raises the same allegations in his second and third proposed complaints, but names the owners of Cal Force Security, and asks the court to find the address of the owner of Cal Force Security because plaintiff is incarcerated and has no access to a phone or computer.

////

---

[1] It is unclear on what basis a police report issued, or who was cited. It appears that plaintiff was subsequently incarcerated, but it is also unclear whether there is a connection between the incarceration and the May 30, 2013 incident. Accordingly, the court cannot determine whether plaintiff's excessive force claim may be impacted by Heck v. Humphrey, 512 U.S. 477, 486-87 (1944) (a plaintiff cannot maintain a § 1983 suit for damages if success on the § 1983 claim would "necessarily imply" the invalidity of a related prior criminal conviction, such as by negating an element of the convicted offense.)

First, plaintiff is advised that all allegations arising from the same course of conduct must be brought in one action. Plaintiff must name all relevant parties, and must include all alleged causes of action stemming from the May 30, 2013 incident, in one complaint. Thus, plaintiff's request to file the three separate complaints arising from the same incident is denied.

Second, plaintiff's proposed complaints suffer from the same defects noted in this court's June 11, 2014 order. Although plaintiff now claims that the two security guards used excessive force, plaintiff alleges no facts suggesting that the named defendants, private security guards, were acting under color of state law.

To state a claim under Section 1983, plaintiff must allege a deprivation of a constitutional right under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). An individual defendant is not liable on a civil rights claim unless the facts establish that defendant's personal involvement in some constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (person deprives another of constitutional right if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes deprivation of which plaintiff complains) (citation omitted). Supervisory personnel generally are not liable for civil rights violations on any theory of respondeat superior or vicarious liability in the absence of law imposing such liability. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991)[2], cert. denied, 502 U.S. 1074 (1992); Hansen, 885 F.2d at 645-46. A supervisor is liable for constitutional violations of a subordinate only "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

"Generally, the acts of private security guards, hired by a store, do not constitute state action under § 1983." Josey v. Filene's, Inc., 187 F.Supp.2d 9, 16 (D.Conn. 2002) (citing Harris v. Security Co. of 1370 Sixth Avenue, 1996 WL 556927, *2 (S.D. N.Y. 1996); Moher v. Stop &

---

[2]  Redman was abrogated in part on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994).

1  Shop Cos., Inc., 580 F.Supp. 723 (D. Conn.1984)); Bishop v. Toys "R" Us-NY LLC, 414
2  F.Supp.2d 385, 396-97 (S.D. N.Y. 2006).  Private individuals and entities not affiliated with a
3  state or municipal government generally do not act "under color of state law."  See Florer v.
4  Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011) ("We start with the
5  presumption that conduct by private actors is not state action.") (citation omitted), cert. denied,
6  132 S. Ct. 1000 (2012); Price v. State of Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991) ("[P]rivate
7  parties are not generally acting under color of state law."), cert. denied, 503 U.S. 938 (1992).
8  While such private parties may a cause a deprivation of a constitutional right, they are not subject
9  to Section 1983 liability unless (1) they acted under color of law, and (2) their conduct was
10 properly attributable to the government.  Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 156
11 (1978); Associates & Aldrich Co. v. Times Mirror Co., 440 F.2d 133, 134-36 (9th Cir. 1971)
12 (violations of certain constitutional rights actionable under federal law only when accomplished
13 by one who is clothed with authority of state and purporting to act thereunder) (citations and
14 internal quotations omitted); see also Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 936-37
15 (1982) (private corporation does not act under color of law unless its actions are fairly attributable
16 to the government).

17      The actions of a private individual or entity may properly be attributed to the government
18 for purposes of Section 1983 if at the time of an alleged constitutional violation (1) the private
19 actor was performing a public function; (2) the private actor was engaged in joint activity with the
20 government; (3) the private party acted under governmental compulsion or coercion; or (4) there
21 was a sufficient nexus between the government and the private actor.  Kirtley v. Rainey, 326 F.3d
22 1088, 1092 (9th Cir. 2003) (recognizing "at least four . . . tests" for determining whether private
23 conduct amounts to state action) (citations and quotation marks omitted).  Plaintiff has the burden
24 to establish state action under one of the foregoing tests.  Florer, 639 F.3d at 922 (citation
25 omitted); see also Kirtley, 326 F.3d at 1092 ("Satisfaction of any one test is sufficient to find state
26 action, so long as no countervailing factor exists.") (citation omitted).

27      Here, plaintiff sets forth no facts demonstrating that the private security guards acted
28 under color of state law.

Third, in his second and third proposed complaints, plaintiff names the "owners of Cal Force Security," a private company, as a defendant. Plaintiff alleges that the owners of Cal Force Security, based on negligent policy and procedure, hired armed security guards with incompetent and inadequate training, and are responsible for who they hire.

However, even when a private entity, such as Cal Force Security, acts "under color of state law," it cannot be held liable under Section 1983 unless the entity itself caused plaintiff's injuries -- i.e., the alleged wrongdoing was committed pursuant to "a policy, decision, or custom promulgated or endorsed by the private entity." White v. Golden State Eye Center, 2009 WL 817937, *3 (E.D. Cal. Mar. 26, 2009) (citations omitted); see also Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975 (8th Cir. 1993) ("a corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies" -- i.e., "a policy, custom or action by those who represent [the private entity's] official policy that inflicts injury actionable under § 1983") (citing Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690, 694 (1978)).

Moreover, section 1983 liability against a private entity cannot be based solely on respondeat superior, i.e., vicarious liability for the acts or omissions of the entity's employees. White, 2009 WL 817937 at *3 (citations omitted); Warwick v. University of the Pacific, 2010 WL 2680817, *8 n.11 (N.D. Cal. July 6, 2010) (citing cases), motion for relief from judgment denied, 2011 WL 5573939 (N.D. Cal. Nov.15, 2011). A private employer is liable only "when the employer is the driving force behind the constitutional violations alleged against its employees, who are operating as state actors." Stanley v. Goodwin, 475 F.Supp.2d 1026, 1038 (D. Haw. 2006), aff'd, 262 Fed. Appx. 786 (9th Cir. 2007).

Here, plaintiff again fails to establish that the owners of Cal Force Security were acting under color of state law. Bald allegations regarding policies or instructions are insufficient. If plaintiff can allege facts meeting the above standards as to Cal Force Security, plaintiff must set forth such allegations within one amended complaint.

Fourth, plaintiff appended the civil cover sheet, his application to proceed in forma pauperis, inmate trust account statement, the notice of lawsuit and request to waive summons, and

5

1  a proof of service[3] to each of his proposed complaints.  Plaintiff is advised that he is not required

2  to append such documents to his amended complaint.  Plaintiff should file one amended

3  complaint without attachments.

4  Finally, in his motion, plaintiff also asks the court whether his proposed complaints were

5  timely filed, and if they were not, to notify plaintiff.  Plaintiff is informed that the court does not

6  issue advisory opinions or provide legal advice.[4]

7  In light of the above, plaintiff's motion to dismiss is partially granted.  Plaintiff's original

8  complaint is dismissed, and plaintiff is granted leave to file one amended complaint, provided he

9  can demonstrate that defendants acted under color of state law.

10  If plaintiff chooses to amend the complaint, plaintiff must allege in specific terms how

11  each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless

12  there is some affirmative link or connection between a defendant's actions and the claimed

13  deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d

14  740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation

15  in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.

16  1982).

17  In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

18  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

19  complaint be complete in itself without reference to any prior pleading.  This requirement exists

20  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

21  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

22  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

23  ////

---

[3] Once defendants are served with process and appear in the action, plaintiff is then required to provide a proof of service confirming he served defendants or their attorney of record with plaintiff's filing.

[4] Plaintiff also asks the court to locate the owners' names and addresses.  Plaintiff is advised that the court does not investigate for any party.  Despite plaintiff's incarceration, he is responsible for diligently prosecuting his case.

original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

      In accordance with the above, IT IS HEREBY ORDERED that:

      1. Plaintiff's motion to proceed in forma pauperis (ECF No. 6) is granted.

      2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

      3. Plaintiff's motion (ECF No. 4) is partially granted.

      4. Plaintiff's complaint is dismissed.

      5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a. The completed Notice of Amendment; and

        b. An original Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: July 23, 2014

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

king1306.14

1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT
9                    FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   KEVIN E. KING,                         No. 2:14-cv-1306 KJN P
12            Plaintiff,
13       v.                                 NOTICE OF AMENDMENT
14   AARON ASHLEY, et al.,
15            Defendants.
16
17       Plaintiff hereby submits the following document in compliance with the court's order
18   filed_____.
19       _____       Amended Complaint
20   DATED:
21
22                                          _____
                                            Plaintiff
23
24
25
26
27
28
                                            1