UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. KING,<br><br>          Plaintiff,<br><br>     v.<br><br>AARON ASHLEY, et al.,<br><br>          Defendants. | No.  2:14-cv-1306 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a former state prisoner, proceeding without counsel.  Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

By order filed June 11, 2014, plaintiff was cautioned that his civil rights complaint failed to state a cognizable civil rights claim because it did not appear that the security guards named as defendants acted under color of state law.  On July 23, 2014, plaintiff's amended complaint was dismissed and he was granted leave to file one amended complaint, provided he could "demonstrate that defendants acted under color of state law."  (ECF No. 7 at 6.)  Since then, plaintiff has filed three more pleadings, including a pleading entitled "Notice of Second Amended Complaint Corrected/Completed," which was docketed as a third amended complaint ("TAC").  (ECF No. 19.)

////

In his TAC, plaintiff now recounts what the police officers did when they arrived at the scene, and disputes what the security guard defendants said to the police.  Plaintiff now alleges that the police officers worked closely with the security guards and exhibited favoritism toward them by allegedly falsifying their police reports, although plaintiff also contends he has been unable to obtain the complete police reports because parts have been deemed "confidential."  Plaintiff now names the Sacramento Police Department as a defendant, alleging that Officers Walker and Pullen falsified police reports, and appears to complain that they refused to "enforce the law," ostensibly by refusing to arrest the security guards.  (ECF No. 19 at 3.)  Plaintiff added numerous claims, unrelated to the initial allegations contained in his original complaint.

The gravamen of plaintiff's current pleading, as far as the court can tell, is that plaintiff was allegedly "assaulted and injured for washing old ladies' windows and helping them pump their gas."  (ECF No. 19 at 6.)  Plaintiff states that he left the AM/PM market on a bike, unaware he was being followed, and that the security guards followed him and tasered him after he left the AM/PM market.  (ECF No. 19 at 6.)  Plaintiff claims that the two security guards used excessive force, and were acting under color of state law because (1) the police report was falsified; (2) the use of excessive force caused injury to an elderly man; (3) plaintiff was denied public records; (4) despite the police officers' knowledge that a crime took place, they used a negligent decision to not arrest the security guards because of "friendship"; and (5) plaintiff was shot with a taser because he is black.  (ECF No. 18 at 14.)

To state a claim under Section 1983, plaintiff must allege a deprivation of a constitutional right under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted).  An individual defendant is not liable on a civil rights claim unless the facts establish that defendant's personal involvement in some constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (person deprives another of constitutional right if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes deprivation of which plaintiff complains).

A private individual does not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975). There is no right to be free from the infliction of constitutional deprivations by private individuals. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996).

"Generally, the acts of private security guards, hired by a store, do not constitute state action under § 1983." Josey v. Filene's, Inc., 187 F.Supp.2d 9, 16 (D.Conn. 2002) (citing Harris v. Security Co. of 1370 Sixth Avenue, 1996 WL 556927, *2 (S.D. N.Y. 1996); Moher v. Stop & Shop Cos., Inc., 580 F.Supp. 723 (D. Conn.1984)); Bishop v. Toys "R" Us-NY LLC, 414 F.Supp.2d 385, 396-97 (S.D. N.Y. 2006). Private individuals and entities not affiliated with a state or municipal government generally do not act "under color of state law." See Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011) ("We start with the presumption that conduct by private actors is not state action.") (citation omitted), cert. denied, 132 S. Ct. 1000 (2012); Price v. State of Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law."), cert. denied, 503 U.S. 938 (1992). While such private parties may a cause a deprivation of a constitutional right, they are not subject to Section 1983 liability unless (1) they acted under color of law, and (2) their conduct was properly attributable to the government. Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 156 (1978); Associates & Aldrich Co. v. Times Mirror Co., 440 F.2d 133, 134-36 (9th Cir. 1971) (violations of certain constitutional rights actionable under federal law only when accomplished by one who is clothed with authority of state and purporting to act thereunder) (citations and internal quotations omitted); see also Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 936-37 (1982) (private corporation does not act under color of law unless its actions are fairly attributable to the government).

The actions of a private individual or entity may properly be attributed to the government for purposes of Section 1983 if at the time of an alleged constitutional violation (1) the private actor was performing a public function; (2) the private actor was engaged in joint activity with the

government; (3) the private party acted under governmental compulsion or coercion; or (4) there was a sufficient nexus between the government and the private actor. Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003) (recognizing "at least four . . . tests" for determining whether private conduct amounts to state action) (citations and quotation marks omitted). Plaintiff has the burden to establish state action under one of the foregoing tests. Florer, 639 F.3d at 922 (citation omitted); see also Kirtley, 326 F.3d at 1092 ("Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists.") (citation omitted).

Plaintiff's allegations do not demonstrate that the private security guards acted under color of state law. None of the reasons set forth by plaintiff meet one of the four tests under Kirtley. Indeed, it now appears that plaintiff contends the security guards acted wrongfully by following plaintiff off the AM/PM Market property. Plaintiff alleges the security guards acted with "premeditation" and "maliciousness," with the clear intent to commit a crime. (ECF No. 18 at 14.) Because the security guards were not acting under color of state law, the defendants who allegedly assaulted plaintiff were private security guards who were not acting under color of state law. See Stanley v. Goodwin, 475 F. Supp. 2d 1026 (D. Hawaii Aug. 8, 2006) (security guard was not a state actor for purposes of § 1983). Thus, plaintiff's claims should be dismissed without prejudice to plaintiff pursuing assault and battery, negligence, or other state law claims in state court. Because the private security guards were not acting under color of state law, plaintiff also fails to state a claim against the Cal Force Security, which employed the guards.

With regard to plaintiff's claims against the police department and its officers, plaintiff also fails to state cognizable civil rights claims. Plaintiff does not have a constitutional right to have someone arrested. Rather, law enforcement officers have discretion to determine who to arrest. For example, California Government Code § 820.2 states, "a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Cal. Gov't Code § 820.2. The discretionary act immunity extends to basic governmental policy decisions entrusted to broad official judgment. Caldwell v. Montoya, 10 Cal.4th 972, 976, 42 Cal.Rptr.2d 842 (Cal. 1995).

4

Plaintiff was previously provided with the legal standards most applicable to his claims, but has been unable to cure the deficiencies identified despite being granted numerous opportunities to do so. <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) (if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend.); <u>see also</u> <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 972 (9th Cir. 2009) (same). Specifically, plaintiff was given several opportunities to demonstrate that the private security guards acted under color of state law, yet failed to do so. Because it appears that plaintiff cannot cure this deficiency by alleging additional facts, the court declines to recommend that he be granted leave to file a fourth amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that plaintiff's third amended complaint be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 18, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/king1306.56